FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 04 2010

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN WARNER, individually and
as Special Administrator of the ESTATE of
AMANDA WARNER, DECEASED                                    PLAINTIFF

V.                          CASE NO.: 5:10-CV-0003

MACRO, INC. and
MICHAEL J. SMITH                                           DEFENDANTS

This case assigned to District Judge Wilson
and to Magistrate Judge Young

**COMPLAINT**

COMES NOW the Plaintiff, John Warner, individually and as Special Administrator of the Estate of Amanda Warner, Deceased, by and through their attorneys, Welch, Brewer and Hudson; Carney Williams, and John W. Walker, P.A., and for his Complaint against the Defendants, Macro, Inc. and Michael J. Smith, jointly and severally, hereby states as follows:

1. Plaintiff John Warner is the father of Amanda Warner, deceased. Mr. Warner has been appointed by Order of the Circuit Court of Dallas County, Arkansas as the Special Administrator of the Estate of Amanda Warner, Deceased, in order to pursue a wrongful death lawsuit individually and on behalf of the beneficiaries of her estate. His address is 705 Wallace, Fordyce, Arkansas 71742.

2. Defendant Macro, Inc. is a Louisiana corporation with its principal location at 101 Millstone Road, Broussard, LA 70518. Upon the Plaintiff's information and belief, Defendant Macro, Inc. may be served with process by its registered agent, John E. McElligott, Jr., 810 S. Buchanan, Lafayette, LA 70502.

3. Separate Defendant Michael J. Smith was the operator of the black, 2004 Peterbilt involved in the collision that claimed the life of Amanda Warner on January 28, 2009. Upon the

1

Plaintiff's information and belief, Defendant Smith can be served with process at 153 Sarah Drive, Sunset, LA 70584. At all times mentioned in this Complaint, Defendant Michael J. Smith was an agent, employee, and/or statutory employee of Macro, Inc.

4. At all times mentioned herein in this Complaint, Defendant Michael J. Smith was acting during and within the scope of his agency, employment, joint employment, statutory employment and/or under the joint and/or direct control of the Defendant Macro, Inc.

5. As a result of the relationship of Defendant Michael J. Smith to Defendant Macro, Inc., all actions of Smith are herein imputed to the Defendant Macro, Inc.

6. The events complained of herein occurred in Grant County, Arkansas.

7. Jurisdiction and venue are proper in this Court.

8. The amount in controversy exceeds the minimum jurisdictional limit of this Court ($75,000), and diversity of citizenship among the parties exists at the time of filing.

9. On January 28, 2009, Amanda Warner was operating a blue, 2005 Chrysler PT Cruiser, registered to her father, John Warner, southbound on Highway 167.

10. While en route to her residence in Fordyce, Arkansas, Amanda Warner encountered icy conditions and was involved in a single car collision reported to the Dallas County 911 center at approximately 6:41 a.m.

11. After regaining control of her vehicle, Amanda Warner was sitting in her vehicle on the shoulder of the southbound lane of 167 waiting for her father to assist her in returning home.

12. Around 7:00 a.m. a convoy of six (6) vehicles, consisting of four (4) tankers and two (2) tractor trailers owned, operated and controlled by Defendant Macro, Inc. neared the bridge at mile marker .55.

13. Defendant Michael J. Smith operated the fourth (4th) truck in the convoy northbound on 167.

14. As Defendant Michael J. Smith started across the bridge at the .55 mile marker, he failed to maintain control of his vehicle and the rear of the vehicle began to rotate from side to side before traveling onto the east shoulder of the bridge striking the guard rail. Smith then re-entered the traffic lane after the initial impact. As Smith reached the bridge abutment, his vehicle struck the east guardrail again. After impact with this guardrail, Smith overcorrected by jerking the wheel to the left and veered across the southbound lane into the guardrail on the west side of the roadway. After impact with the rail, Smith's vehicle began to overturn side to side in a clockwise motion onto the front left corner of Amanda Warner's vehicle parked on the shoulder.

15. After the impact with the Warner vehicle, Smith's vehicle pushed the Warner vehicle northbound causing approximately 25 feet of gouge marks before coming to rest and bursting into flames.

16. The final resting stop for the tanker owned by Macro, Inc. and operated by Macro employee Michael J. Smith was facing west with the tanker on its passenger side completely engulfed in flames.

17. The Warner vehicle was under the driver's cab of the Macro owned and operated tanker facing south, and also in flames.

18. Attempts at the scene by emergency personnel to remove Amanda Warner from the vehicle were unsuccessful, and she died from smoke inhalation and blunt force trauma per the Arkansas Crime Lab autopsy report.

19. At the time of the collision, Defendant Michael J. Smith, while acting as an agent, employee and/or representative of Defendant Macro, Inc., was guilty of the following negligent acts:

    a. Driving too fast for conditions;

    b. Failure to keep a proper lookout;

    c. Failure to keep his vehicle under proper control;

    d. In driving said vehicle at a speed greater than was reasonable and prudent under the circumstances then existing;

    e. In failing to exercise ordinary care for his own safety and for the safety of others using the roadway;

    f. In driving in a reckless manner in violation of A.C.A. section 27-50-308;

    g. In failing to take proper evasive action to avoid a collision; and

    h. Careless and prohibited driving.

20. The above actions of Defendant Michael J. Smith are directly imputed to Defendant Macro, Inc. as he was operating said vehicle during the course and scope of his employment.

21. The negligence of the Defendant Macro, Inc., by and through its employees and agents, which was the proximate cause of Miss Warner's death, includes but is not limited to the following:

    a. Failure to keep a proper lookout;

    b. Failure to yield right-of-way to the Decedent's vehicle;

    c. Failure to operate the tractor-trailer/tanker rig in a reasonable safe manner, and in compliance with all applicable statutes and regulations;

    d. Failure of Defendant Macro, Inc. to properly instruct its drivers concerning all

applicable state and federal laws, rules, and regulations;

e. Failure of Defendant Macro, Inc. to properly train and supervise its drivers;

f. Failure to use ordinary care giving the conditions existing including, but not limited to the weather and the weight of Defendant Macro Inc.'s loaded tractor-trailer/tanker rig;

g. Failure to abide by the rules, regulations and laws as set forth in the Code of Federal Regulations, National Traffic and Motor Vehicle Safety Act, United States Code, Arkansas Code, the Federal Motor Carrier Safety Act, and all other applicable laws, rules and regulations;

h. Failure to cause said tractor and/or trailers to be properly and adequately equipped and/or maintained, in compliance with all applicable state and federal statutes and regulations;

i. Failure to operate the tractor-trailer/tanker rig at a reasonably safe speed;

j. Failure to keep said vehicle under control; and,

k. Other acts of negligence to be discovered and shown at trial.

23. The actions of Defendant Michael J. Smith, imputed to Defendant Macro, Inc., show violations of the rules of the road and make Macro, Inc. guilty of negligence for the hiring of Defendant Michael J. Smith. Defendant Macro, Inc. knew, or should have known, that its failure to research and screen potential employees would result in injury to the motoring public. However, Defendant Macro, Inc. failed to perform their due diligence in the hiring of Defendant Michael J. Smith, resulting in the death of the decedent, a member of the motoring public.

24. The Defendants' negligence, jointly and severally, proximately caused the wrongful death of the Decedent, and resulting compensatory damages, for which Plaintiff avers that Defendants are liable, as follows:

a. Pain and suffering of the Decedent prior to her death;

b. Funeral expenses;

c. Loss of Amanda Warner's life (A.C.A. §16-62-101); and

     d.     Pecuniary injuries sustained by the Decedent's wrongful death statutory beneficiaries;

     e.     Mental anguish and grief suffered by the Decedent's wrongful death statutory beneficiaries;

25.    Plaintiff's damages are in excess of that amount required for federal court diversity jurisdiction. ($75,000.00)

26.    Plaintiff prays for a jury trial.

27.    Plaintiff John Warner, individually and Special Administrator of the Estate of Amanda Warner, Deceased's total compensatory damages as shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

28.    Plaintiff respectfully requests a trial by jury.

29.    Pleading further, Plaintiff seeks and prays that this Court find that the Civil Justice Reform Act of 2003 is unconstitutional as it might affect his rights in this matter. Said act is a violation of the Arkansas Constitution in the following manners:

    (a)    Article V, Section 32 precluded the legislature from passing any law limiting the amount to be recovered for injuries resulting in death or for injuries to person or property;

    (b)    Article II, Sections 4, 8 and 21 which guarantees fair and equal treatment in the Courts;

    (c)    Article II, Sections 3 and 18 which guarantees a remedy at least equivalent to the established by common law; and

    (d)    Article II, Section 18 which bars the legislature from granting any special immunities.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants, Macro Inc. and Michael J. Smith, jointly and severally, in an amount exceeding the minimum jurisdictional limits of this Court ($75,000.00); post judgment interest where applicable; court costs; attorney fees; for a ruling that the Civil Justice Reform Act of 2003 is unconstitutional and for any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Bryce Brewer, AB#: 2002013
Morgan E. "Chip" Welch
Welch, Brewer and Hudson
One Riverfront Place, Ste. 413
North Little Rock, AR 72114
(501) 978-3030 phone
(501) 978-3050 fax

Hank Bates, Esq.
Carney, Williams, Bates, Bozeman
 and Pulliam
11311 Arcade Drive, Suite 200
Little Rock, AR 72212

And

John W. Walker, Esq.
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206