IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN WARNER, Individually
and as Special Administrator
of the Estate of Amanda Warner, Deceased                PLAINTIFF

    vs.                     5:10CV00003-WRW

MACRO, INC., et al                                      DEFENDANTS

ORDER DISMISSING ACTION
BY REASON OF SETTLEMENT

Counsel has advised the Court that this matter has settled and request the case be dismissed. The Supreme Court has held that district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce settlement agreements. Ancillary jurisdiction to enforce a settlement agreement exists "only if the parties' obligation to comply with the terms of the settlement agreement is made part of the order of dismissal--either by a provision 'retaining jurisdiction' over the settlement agreement or by incorporation of the terms of the settlement agreement in the order."[1]

It is the obligation of the parties requesting dismissal to comply with the terms of the settlement and this Court specifically retains jurisdiction to enforce the terms of the settlement agreement forming the underpinning of this dismissal.

IT IS ORDERED that the complaint, be, and it hereby is, dismissed with prejudice, subject to the terms of the Settlement Agreement, and/or Consent Decree. If any party desires that the written settlement agreement be part of the record herein, it should be filed with the Court within twenty (20) days.

---

[1] *Kokkonon v Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1676-77 (1994); *Meiner v Missouri Dept. of Mental Health*, 62 F.3d 1126, 1127(8th Cir. 1995)

IT IS FURTHER ORDERED that the Clerk forthwith serve copies of this Order upon the attorneys for the parties appearing in this action.

Dated this 4th day of January, 2011.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

settleo.